```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

TRUSTEES OF THE NATIONAL        :
ELECTRICAL BENEFIT FUND
                                :

   v.                           :     Civil Action No. DKC 23-1459

                                :
ECKARDT ELECTRIC CO.
                                :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this action arising under the Employee Retirement Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA") is Plaintiffs' motion for default judgment. (ECF No. 15). The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiffs' motion will be granted.

**I.   Background**

Plaintiffs are trustees of a multi-employer pension plan, the National Electrical Benefit Fund ("NEBF"). Plaintiffs are also fiduciaries to NEBF and authorized to file this action under 29 U.S.C. § 1132(a)(3) as they are an employee benefit plan within the meaning of § 3(2) of ERISA. *See* 29 U.S.C. § 1002(2). Defendant Eckardt Electric Co. ("Eckardt") is an employer engaged in an industry affecting commerce under ERISA. *See* 29 U.S.C. §§ 1002(5). NEBF was established and is maintained by an agreement between the

International Brotherhood of Electrical Workers ("IBEW") and the National Electrical Contractors Association ("NECA").  Eckardt agreed to participate in the NEBF when it became a signatory to the labor agreement between the IBEW and NECA by signing letters of assent with the Atlanta Chapter, National Electrical Contractors of America on March 28, 1988, and with the local NECA chapter Gulf Coast Chapter, B'ham Division on July 6, 2010.  (ECF No. 15-4).  The letters of assent bind Eckardt to the "inside labor agreements" between NECA and IBEW Local Unions 136 and 613 and the Restated Employees Benefit Agreement and Trust and obligate Eckardt to submit contributions to NEBF.

Plaintiffs filed a complaint on behalf of NEBF on May 31, 2023, alleging that Eckardt breached the collective bargaining agreement by failing to contribute to NEBF three percent of the gross payroll paid to employees in the bargaining unit for September 2022 through November 2022, as well as seeking liquidated damages, interest, attorneys' fees, and costs.

Plaintiffs served the summons and complaint on Eckardt on August 28, 2023.  When Defendant failed to respond within the requisite time period, Plaintiffs moved for the entry of default.  The clerk entered default against Eckardt on October 18, 2023.  (ECF Nos. 12, 13).  Plaintiffs filed the subject motion for entry of default judgment on January 19, 2024.  (ECF No. 15).

2

Plaintiffs seek default judgment in the amount of $311,390.14[1] which consists of $235,103.97 in contributions, liquidated damages of $47,020.79, interest of $25,480.38, and attorneys' fees of $3,785.

## II. Standard of Review

Pursuant to Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Where a default has been previously entered by the clerk and the complaint does not specify a certain amount of damages, the court may enter a default judgment, upon the plaintiff's application and notice to the defaulting party, pursuant to Fed.R.Civ.P. 55(b)(2). A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court. *See Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md. 2002); *Lipenga v. Kambalame*, 219 F. Supp. 3d 517 (D.Md. 2016). The Fourth Circuit has a "strong policy" that "cases be decided on their merits," *id.* (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), but default judgment

---

[1] Requested reimbursement for the court's $402 filing fee has not been included in Plaintiffs' request of $311,390.14, but will be awarded.

may be appropriate when the adversary process has been halted because of an essentially unresponsive party, *see S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

Upon entry of default, the well-pled allegations in a complaint as to liability are taken as true, but the allegations as to damages are not. *Lawbaugh*, 359 F.Supp.2d at 422. The court first determines whether the unchallenged factual allegations constitute a legitimate cause of action, and, if liability is established, the court then makes an independent determination of damages. Fed. R. Civ. P. 55(a). While the court may hold a hearing to prove damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins*, 180 F.Supp.2d at 17 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)); *see also Laborers' Dist. Council Pension v. E.G.S., Inc.*, Civ. No. WDQ-09-3174, 2010 WL 1568595, at *3 (D.Md. Apr. 16, 2010) ("on default judgment, the Court may only award damages without a hearing if the record supports the damages requested").

### III. Analysis

Assuming the truth of the well-pleaded allegations of the complaint, as the court must upon entry of default, Plaintiffs have established a violation under ERISA. Section 502(a)(3)

4

authorizes Plaintiffs to enforce the provisions of the trust agreements.  *See* 29 U.S.C. § 1132(a)(3) (providing that a civil action may be brought:  "(A) to enjoin any act or practice which violates . . . the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any . . . terms of the plan").  According to the complaint, Defendant is a signatory to the Restated Employees Benefit Agreement and Trust for the National Electrical Benefit Fund and is, therefore, obligated to comply with the terms of the Agreement.  Based on these undisputed allegations, Plaintiffs have stated a sufficient claim for relief under ERISA.

### A.   Unpaid Contributions

The complaint and motion for default judgment demands payment to Plaintiffs of $235,103.97 representing unpaid contributions for September 2022 through November 2022.  Plaintiffs made demands for the delinquent contributions, but Defendant has not made payment.  The record supports Plaintiffs' demand for $235,103.97 in unpaid contributions.

### B.   Liquidated Damages and Interest

Plaintiffs have attached a spreadsheet that calculates interest at ten percent (10%) compounded monthly as provided for in the Agreement.  Plaintiffs also seek $47,020.79 in liquidated damages on late contributions.

5

The Agreement between the parties obligates Defendant to pay twenty percent (20%) as liquidated damages and ten percent (10%) interest compounded monthly throughout the period of delinquency. (ECF No. 15-5 at 7).  Thus, liquidated damages of $47,020.79 and interest of $25,480.38 on late contributions are supported by the record and will be awarded.

### C. Attorneys' Fees

Plaintiffs seek $3,785 in attorneys' fees.  In support of this request, Plaintiffs submit a Declaration of Counsel in support of judgment and demand for attorneys' fees and a spreadsheet of the hours billed by Plaintiff's counsel.  (ECF No. 9-1).  The spreadsheet shows that the firm spent 12.6 hours on this case on behalf of the Plaintiffs.  Jennifer Hawkins, a licensed attorney since 1994, charged $475 per hour and Peter Tkach, a member of this bar since May 2023, charged $225 an hour for attorney time.  The sum requested is supported by the record and Plaintiffs will be awarded $3,785 for attorneys' fees.

### D. Costs

Plaintiffs seek $402 in costs representing the filing fee to commence this action and the record supports this request.

6

**IV.  Conclusion**

For the foregoing reasons, Plaintiffs' motion for the entry of default judgment will be granted.  A separate order will follow.

<pre>
                              /s/
               DEBORAH K. CHASANOW
               United States District Judge
</pre>